### MARY H. SMITH v. ALBION B. SMITH.

June 21, 1899.

Nos. 11,641—(186).

#### Payment of Alimony—Modification of Decree.

An application for a modification of a decree entered in proceedings under G. S. 1894, § 4814, should not be granted unless it is apparent that the changed circumstances of the parties make it necessary. If, because of such circumstances, it is unjust and inequitable that the wife should have further allowance, it is reasonable and proper for the court to absolve the husband from further payments.

#### Same.

*Held* that, on the facts shown in this case, the lower court was warranted in relieving the defendant husband from further monthly payments to the plaintiff wife.

Petition in the district court for Ramsey county by defendant in an action in which judgment of separation from bed and board had been rendered, whereby defendant had also been adjudged to pay to plaintiff $12 per month for her support and maintenance. The petition prayed for modification of the judgment so that petitioner be released from further payments. The matter was heard before Jaggard, J., who made findings of fact and conclusions of law, and ordered that judgment be entered in modification of the former judgment as prayed, and for recovery by plaintiff of $100 on account

of payments due her, with $25 attorney's fees. From this order plaintiff appealed. Affirmed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*John L. Townley,* for respondent.

COLLINS, J.

After four years of married life, defendant, in 1879, abandoned the plaintiff. After this, and for several years prior to 1886, he furnished her with money at the rate of $20 per month with which to fit herself for teaching. In 1888 she commenced proceedings to secure a decree of separation from bed and board, in accordance with the provisions of G. S. 1894, § 4814. A decree of this kind was entered September 29, 1888; and a provision thereof was that he should pay for her support, and until the further order of the court, the sum of $12 each month. Under this he had paid to her, out of his earnings, and up to the day he filed his petition asking that he be relieved of further payments, about $1,400. Since the separation she has been employed in the public schools as a teacher, earning from $58 to $65 per month for 10 months in each year. She has acquired a modest home, and a small property besides, which she is able to rent. She is now, according to the findings, about 44 years of age, without children, in good health, and able to support and maintain herself without further assistance. He is now nearly 62 years of age, and is, and for more than 30 years last past has been, a locomotive engineer by occupation. He is not well or strong, and, on account of his age and health, cannot long continue to occupy his present position. His entire estate does not exceed $200 in value. The court also found that he owed plaintiff $100 on account of the monthly payments, ordered this sum paid, with $25 as attorney's fees, and also ordered that a decree be entered releasing and discharging him from further payments until the further order of the court. The appeal is by the plaintiff.

The law in respect to the revision or modification of decrees in proceedings of this nature is well settled. A court should be very slow, under any circumstances, to revise or alter a former decree, and the application for a modification of an allowance should not be granted unless it appears that the changed circumstances of the parties render the modification necessary. The alteration must be

made upon the change of circumstances, and these must be shown to have changed since the original decree, unless, perhaps, it be made upon facts occurring before, of which the party was excusably ignorant at the time. When circumstances transpire which render it unjust and inequitable that the wife should have further allowance, it is reasonable and proper for the court to absolve the husband from further bearing the burden which has previously been imposed. We are very decidedly of the opinion that the court below was justified in its conclusions. For more than 30 years the defendant has been engaged in a most exacting and hazardous employment. Few men are able to remain in that kind of service when 62 years of age, as we all know. He has no means, and at best cannot expect to maintain his earning capacity for any length of time, while his wife is in the prime of life and is able to command a good salary. She also has some property. It is true that he was at fault when abandoning the plaintiff in 1879, but he has not gone unpunished. For several years after the separation he voluntarily paid her a sum of money that she might equip herself as a teacher, and for more than 10 years he has obeyed the order of the court as to the monthly allowance without complaint. If, in his old age and changed circumstances, relief is to come, except in death, it is time for its appearance.

In disposing of this cause on the merits, we must not be understood as holding the order from which the appeal is taken to be appealable. Our impression is to the contrary, but the question has not been raised by counsel, and under the circumstances we have concluded not to raise it ourselves.

Order affirmed, and judgment will be entered below in accordance therewith.