ELMAGINE BOWLBY v. CHARLES B. BOWLBY.[1]

December 24, 1903.

Nos. 13,741, 13,742—(110, 111).

**Divorce—Alimony.**

At the trial of an action for a limited divorce, the court below awarded alimony to plaintiff wife at $85 per month, payable in advance. This was based on a finding that she was without property or other means of support, save such inconsiderable sums as she might earn by manual labor. The plaintiff thereafter, by an action at law, enforced the provisions of an antenuptial contract which existed between the parties, and thereupon defendant husband moved the court to modify the decree in respect to alimony, and his petition was granted, so that he was obliged to pay the plaintiff but $10 in addition to the $75 per month, the amount payable under the contract.

*Held,* under the circumstances shown by the record, that the court below was justified in making this modification.

[1] Reported in 97 N. W. 669.

91 M.—13

Appeal by plaintiff from a judgment of the district court for Ramsey county, Otis, J., whereby plaintiff was awarded a limited divorce and alimony; and from an order, Bunn, J., subsequently entered, modifying said judgment with respect to the payment of alimony. Judgment and order affirmed.

*Chas. E. Bond,* for appellant.

*Chas. E. Otis* and *Geo. W. Walsh,* for respondent.


COLLINS, J.

It stands conceded that, at the trial of the action for a limited divorce brought by Mrs. Bowlby against her husband, the court had under consideration the subject of alimony, and that she then failed to disclose the antenuptial contract which had been entered into between them, by the terms of which he had obligated himself to pay her $75 per month, not only during the time while they should live together as husband and wife, but also during the term of her natural life, in case of a disagreement, separation, or divorce. It was a fixed and continuing obligation so long as she should live, and under all circumstances. In addition to this onerous condition, there were others of a very burdensome nature. Her testimony was such that the court found as a fact that she was "without property or other means of support, save such inconsiderable sums as she might earn from manual labor."

It is evident, probably through a misapprehension of the situation by both parties, that the fact that such a contract was in existence and enforceable was not brought to the attention of the court at this hearing, for, had it been, no such finding of fact could have been made. Or perhaps neither party had it in mind during the litigation. Under such circumstances, we think the husband had the right to assume that his wife considered the contract at an end, and that, by applying for alimony upon the ground that she was without means, she intended to waive her claim to any right under it, and that she preferred a decree entitling her to $85 to a personal obligation to pay her at the rate of $75 per month. He claims that he did so assume. Again, Mr. Bowlby may have been of the opinion, as he insists he was, that the decree of divorce fixing alimony abrogated and took the place of the contract, as a matter of law. Misapprehension of the legal effect of the decree would not excuse him, of course. But at any rate it fairly appears that he was

misled by her apparent disclaimer of all rights under the contract, and it is conclusively established that the court was ignorant of the real facts. More than this, it appears that for nearly a year after this decree was entered, fixing alimony at $85 per month, no attention was paid to the obligations of the antenuptial contract, and it may fairly be inferred that the alimony provision found in the decree for divorce was then regarded by Mrs. Bowlby as having superseded the contract. Some time afterward, when she instituted proceedings to compel payment under this contract, he moved for a modification of the judgment whereby he had been obliged, until the further order of the court, to pay $85 per month, and from the order granting the motion Mrs. Bowlby appealed.

It is well settled in this state that in divorce proceedings courts may revise or modify alimony provisions when it appears that the changed circumstances of either party render a modification proper and necessary, and also, upon facts occurring before the decree, of which the moving party was excusably ignorant at the time. When circumstances transpire which render it unjust and inequitable that a divorced wife should have a specified allowance, it is reasonable and proper for the court to absolve a husband from further bearing the burden which has previously been imposed, and the question is one largely in its discretion. Holmes v. Holmes, 90 Minn. 466, 97 N. W. 147, and the cases therein cited. So that the only question here is whether the circumstances which were presented to the court on the motion brought this case within the rules of law above stated. We think they did. If the attention of the court below had been called to the antenuptial contract when making the allowance for alimony, and to the fact that Mr. Bowlby was then under contract to pay his wife the sum of $75 per month during her natural life, irrespective of existing circumstances, it certainly would have taken that fact into consideration; and, instead of finding that the plaintiff was without property or other means of support, save such inconsiderable sums as she might earn by manual labor, it would have found that she was entitled to receive $75 monthly from her husband under the contract, and had adequate means of support. It is true that Mr. Bowlby must have known that he signed this contract, and he ought to have disclosed it himself; but his wife withheld this information, and is as responsible for the failure to apprise the court

of a most material fact as he is. To now allow her to insist that he cannot have the benefit of this contract and payments under it would be to aid her in a suppression of the important fact.

Applying the rules we have stated, we are satisfied that there was no abuse of discretion in this case when the court below fixed this allowance of $10 a month, the contract obligation being enforceable; taking into consideration Mr. Bowlby's earning capacity and business circumstances.

The judgment is affirmed, and we also affirm the order, although we do not wish to be understood as holding that it is appealable. This was questioned in Smith v. Smith, 77 Minn. 67, 79 N. W. 648.

Judgment and order affirmed.