## OLGA VON W. HASKELL v. WILLIAM E. HASKELL.[1]

December 6, 1912.

Nos. 17,754—(96).

**Appealable order.**

An order, made upon the merits, denying an application for a reduction of alimony previously awarded, on the ground of the changed financial condition of the parties, *held* appealable.

[1] Reported in 138 N. W. 787.

**Alimony — modifying judgment.**

> While an application for the revision of a judgment for alimony, on the grounds of changed financial condition of the parties should be entertained with great caution, nevertheless, where the change is not wilfully brought about by the applicant, the motion should be disposed of under the same rules applicable upon an original application to fix the amount of alimony, and a modification of the former judgment may be made on account of the changed financial condition of either or both of the parties.

**Error to deny application.**

> An order denying an application for a reduction of alimony, on the ground of the changed financial condition of the parties, *held* erroneous.

Motion in the district court for Hennepin county to modify the judgment in an action for divorce, by reducing the amount of alimony to be paid to plaintiff. After the former appeal, reported in 116 Minn. 10, 132 N. W. 1129, the motion was heard by Hale, J., who made findings as set forth in the opinion. From an order denying the motion, defendant appealed. Reversed and remanded, with instructions to modify the original judgment as to alimony, so as to reduce the amount to be paid annually by defendant to plaintiff, in equal quarterly payments, from $5,000 to $3,000.

*Kerr & Fowler,* for appellant.

*Koon, Whelan & Hempstead* and *A. B. Jackson,* for respondent.

PHILIP E. BROWN, J.

This is an appeal from an order of the district court of Hennepin county, entered March 14, 1912, denying the appellant's motion for reduction of the amount which the appellant is under obligation to pay to the respondent annually as alimony under and by virtue of a judgment, entered January 22, 1903, whereby the respondent was granted an absolute divorce from the appellant on the ground of desertion. The motion is the second one made in this case seeking the relief indicated, and likewise the second time that the matter has been before this court, the order of the district court denying the appellant's former motion having been reversed and the cause remanded November 3, 1911. See Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129, where the provisions of the judgment concerning alimony are set out in full.

The present motion is based upon the files and proceedings in the

divorce action above mentioned, upon the appellant's affidavit presented in support of his former motion, and upon additional and supplementary affidavits. The motion, as stated in the notice thereof, is: "For an order modifying the judgment and decree heretofore entered in said action in respect to alimony, and relieving defendant from the payment of the alimony at present required, and reducing the alimony required to be paid by defendant to plaintiff to the sum of $600 per quarter or $2,400 per year;" the grounds of the motion being, "that the financial condition of the defendant has materially changed since the entry of judgment herein, that he is now without property or income, or means wherewith to pay the alimony required by the judgment, and that plaintiff is possessed of a large amount of property of large value, and that she does not need the alimony provided for by said judgment, and that defendant is unable to pay the alimony in said judgment provided." Opposing affidavits were filed, and the court, after a hearing, found, in substance:

1. That since the rendition of the judgment herein involved, the appellant had lost all his property, was indebted in a sum exceeding $600,000, and was insolvent, but that for many years he had earned and received a large income in his business and profession as a newspaper man, and that he is still capable of doing so, notwithstanding that his latest affidavit supporting the application stated that he was then temporarily out of employment.

2. That there has been no substantial change in the plaintiff's financial situation or needs since the rendition of the judgment, but, on the contrary, that she was still wholly dependent upon the payment of the alimony for the support and maintenance of herself and children and their education, they being still dependent upon her; that the alimony is no more than is reasonably required to enable the plaintiff suitably to maintain herself and children, who are still dependent upon her, and to maintain her home and household in a manner comporting with her station in life, and in which she and her children are entitled to be maintained; and that a reduction of the alimony would be unjust to her.

Wherefore, the court denied the appellant's motion, for the reason,

as indicated by its memorandum, that: "While the defendant has since [the rendition of the judgment] lost his property and become bankrupt, that circumstance does not, in my judgment, furnish sufficient grounds for modifying the judgment in plaintiff's favor, unless such a change in plaintiff's circumstances has taken place as would make such modification just to her, as well as advantageous to defendant. This does not appear to me to be the case, and on the whole showing I think it would be a manifest injustice to the plaintiff to modify or disturb the judgment."

1. At the outset we are met with a motion to dismiss the appeal, on the ground that the order denying the appellant's motion to reduce the alimony awarded by the judgment of divorce, is not appealable. In Smith v. Smith, 77 Minn. 67, 79 N. W. 648, and also in Bowlby v. Bowlby, 91 Minn. 193, 97 N. W. 669, the appealability of such an order was questioned. After considering the question, however, we have concluded that the order is appealable.

2. Coming, then, to the merits of the appeal, the trial court's reason for its denial of the appellant's application, as indicated by its memorandum recited above, requires some consideration of the nature of applications of the character here involved, with the view of ascertaining the rule under which the contentions of the parties are to be determined; for we think the attitude of the trial court, as expressly indicated by the reason assigned for its decision, was erroneous.

Speaking generally, alimony is not awarded as a penalty, but as a substitute for marital support. York v. York, 34 Iowa, 530; Harris v. Harris, 31 Gratt. 13; State v. Superior Court, 55 Wash. 347; Thomas v. Thomas, 41 Wis. 229. It is wholly statutory, as is also its modification, its allowance in the first instance being governed by R. L. 1905, § 3590, and revision of judgments for alimony being governed by section 3592. The principles governing the alteration of adjudged alimony were summarized by Mr. Justice Simpson on the former appeal (See Haskell v. Haskell, supra, p. 13) as follows:

"Under the statute of this state the court awarding a judgment for alimony, whether such alimony be payable in a gross amount or in instalments, has undoubted authority to revise or modify such

judgment. This power may be exercised upon the application of either party for good cause shown. A substantial change from the situation that prompted or made proper the terms of the original decree justifies a change in those terms. An application for such change or modification is addressed largely to the discretion of the trial court."

In addition to what we have quoted from the opinion cited above, it should be stated that motions of the character referred to, based upon the ground of changed financial condition of either of the parties, should be entertained with great caution. Nevertheless, we think that where the change is not wilfully brought about by the applicant, the motion should be disposed of under the same rules applicable upon an original application to fix the amount of alimony in the first instance, and upon the same considerations, so far as concerns the determination of the amount to be allowed if a change is made. Upon an original application, the amount which may be awarded is limited by the statute, section 3590, and in no event can it exceed one-third in value of the husband's personal and real property, and a portion of his earnings and income not exceeding in present value the same proportion thereof. So also upon an application for a change of alimony, the wife is entitled to receive so much, and only so much, as she would reasonably have been entitled to receive from her husband had the change in his financial condition come immediately before original award. While the necessities of the wife constitute an important consideration, there must also be considered, in determining the amount of alimony, either upon an original application therefor or upon a motion to increase or decrease, the financial ability of the husband to pay. Furthermore, while applications of the character here under consideration or for an increase of alimony are addressed "largely to the discretion of the trial court," as above declared, the discretion referred to is not arbitrary but judicial, and must be exercised in harmony with the rule stated. Of course in the practical application of the rule, we do not mean to say that it must be applied with mathematical certainty, but merely that the standard with reference to which the amount to be allowed the wife for support and maintenance, after the severance of the mat-

rimonial bonds, is practically the same both on the original award and on any subsequent judicial change thereof.

The rule followed by the trial court contravenes the one here stated, and also the holding in Bowlby v. Bowlby, supra, to the effect that the changed circumstances of either party may warrant a change. The sanction and application of such a rule would, we think, frequently prevent any reduction of awarded alimony, although subsequent events occurring without the fault of the husband had materially altered his financial standing for the worse, and even though he were then so circumstanced that it would be impossible for him to continue to pay the sums adjudged payable to the former wife.

3. Applying the rule above announced to the present case, the final question for our determination is: Was the order of the trial court correct, notwithstanding the erroneous rule under which the decision was reached? As we have already stated, the present motion is predicated upon the defendant's affidavit, which constituted the basis of the defendant's former motion, together with additional affidavits, and we have also counter affidavits filed by the plaintiff. Upon the showing made by the affidavit on the former motion, no counter affidavits having been filed thereon, this court has declared that the appellant was entitled to have the amount of the annual allowance reduced. See Haskell v. Haskell, supra, where the recitals of such affidavit are set forth in detail, at page 12. "It is clear, therefore," declared Mr. Justice Simpson, at page 13, "that facts were shown making a modification of the judgment not only justifiable, but required under the established rule."

It is true, as contended by the respondent, that the case on that appeal was treated as involving certain formal questions not affecting the merits as between the parties to this appeal, but the above quoted language indicates the attitude of the court upon the showing there made, and, moreover, we think that such attitude was entirely justified.

Unless, therefore, there is something in the defendant's additional affidavits or in the counter affidavits offered by the plaintiff, to weaken the showing made by the affidavit on the former motion, it follows that the defendant was entitled to a reduction upon his present

application. The findings above referred to, of the trial court, purport to represent the total showing upon which the order here appealed from was based, but in our opinion they do not present the appellant's showing as strongly as the allegations of the various affidavits before the court would seem to have warranted. But we will assume that such findings correctly show the plaintiff's financial status at the time of the hearing, except that it should have been made to appear thereby that the plaintiff had failed to get any other than temporary employment for a number of years, and this at a salary such that nearly four-fifths of the same was consumed by the alimony paid to the defendant, and that he had diligently and continuously tried to get steady employment, and further that his condition was not due to any intent or attempt to defraud the respondent or to evade the payment of alimony to her, and, finally, that he was, at the time of the application, forty-nine years old. We will likewise assume that the finding as to the financial situation of the respondent fairly represents the showing made by the parties, and that she is as fully dependent as ever she was upon her allowance of alimony, though here again it might well have been made to appear, from the proofs before the court, that two of the four children, the custody and care of whom were awarded to the respondent by the divorce judgment, had, since such judgment, become of age, one, moreover, being self-supporting and the other partly so. But even upon the finding made, we think that the trial court erred in denying the defendant relief; for it is apparent that the plaintiff could not have been legally awarded the sum as alimony which is here involved, if the defendant's financial condition had been the same then as it was at the time this application was made.

. It does not follow, however, that the respondent's allowance is to be entirely cut off, or that it is even to be reduced to the figure specified in the appellant's motion for reduction. The appellant's prospects are to be considered (Muir v. Muir, [Ky.] 4 L.R.A.(N.S.) 909, and note), and alimony may be awarded even in the face of a showing of total lack of present property and income. 2 Am. & Eng. Enc. (2d Ed.) 123; Snedeger v. Kincaid, 22 Ky. L. R. 1347; Canine v. Canine, 13 Ky. L. R. 124.

Upon the showing made, therefore, including the admission of undisclosed resources involved in the appellant's offer to pay $2,400 a year, we deem it equitable and just that he should be required to pay $3,000 annually to the respondent as alimony, in lieu of the $5,000 which he has heretofore been under obligation to pay.

Other contentions urged upon this appeal were fully disposed of on the former appeal, and need not here be discussed.

Ordered that the order appealed from be and it is hereby reversed, and that the cause be remanded with instruction to modify the original judgment herein as to alimony, so as to reduce the amount to be paid annually by the defendant to the plaintiff, in equal quarterly payments, from $5,000 to $3,000.