## MARIE B. PLANKERS v. ARNOLD F. PLANKERS.[1]

### January 27, 1928.

### No. 26,583.

**Order fixing default in payment of alimony is not appealable but order refusing to reduce alimony is appealable.**

[1]   An order determining the amount of default in the payment of alimony and directing the payment thereof within a specified time is not appealable, being conditional and not final.   An order refusing to reduce alimony is appealable.

**What is in issue on motion to reduce alimony.**

[2]   Upon the hearing of a motion for reduction the only issue is whether there has been such a change in the status of the parties since the last time the alimony was adjudicated that the court, in the exercise of judicial discretion, should reduce or cancel the same.

**In case of professional man, statutory limitation refers to his net income.**

[3]   Where the only resource for the payment of alimony is the income of a professional man, the statutory limitation refers to the net income.

**In case of alimony paid by professional man, his net income may be estimated.**

[4]   To a certain extent such income may be anticipated in determining the alimony, and lean periods should be considered in applying coercion to enforce payment.

**No abuse of judicial discretion shown.**

[5]   The record fails to show abuse of judicial discretion in the order refusing to cancel or reduce the alimony.

Appeal and Error, 3 C. J. p. 556 n. 81.
Divorce, 19 C. J. p. 266 n. 73; p. 274 n. 59; p. 305 n. 58 New; p. 324 n. 91; p. 327 n. 31.

Defendant appealed from an order of the district court for Ramsey county, Bechhoefer, J. denying his motion for an order reducing

[1]Reported in 217 N. W. 488.

the amounts to be paid for alimony and for the support of a minor child.   Affirmed.

*George H. Gerlich* and *F. A. Pike,* for appellant.

*McMeekin, Quinn & Swan,* for respondent.

HOLT, J.

A judgment granting plaintiff an absolute divorce and awarding her the care and custody of the 11-year old daughter and $200 per month for the support of herself and child was entered against defendant November 29, 1926.   Defendant in June moved for a modification thereof so as to award to him the custody of the child and abrogate the provision for alimony.   At the hearing both parties consented to placing the child in the legal custody and control of the directress of the College of St. Benedict, at St. Joseph, Minnesota, for the purpose of mental and moral training, and the alimony provision was modified to a payment of $100 during each month to plaintiff, and the same amount each month to the directress for the support, maintenance and education of the child, and an order to that effect was entered July 2, 1927.

Ever since the entry of the judgment controversies have arisen on account of default in the payment of the alimony awarded. Plaintiff procured an order to show cause why defendant should not be punished for contempt for his default; and defendant an order to show cause why the amounts of alimony and support for the child should not be reduced.   A hearing was had on both orders September 13, 1927.   Plaintiff's application to have defendant punished as for contempt was on his motion dismissed, but by consent of the parties the court heard and considered whether defendant's income was sufficient to enable him to pay the alimony and allowance theretofore ordered.   The court by an order found there was then a default in the payment thereof to the extent of $350, and that defendant's income had been sufficient to enable him to pay it, and ordered him to pay the same within ten days from the date of the service of the order.   Defendant's order to show cause why there should not be a reduction in the alimony and allowance was by a separate order discharged.   Defendant appeals from each order.

[1] The order finding defendant's income sufficient to enable him to pay the $350 alimony found to be in arrears and ordering defendant to pay the same within ten days is not a final order and the appeal therefrom is dismissed. Semrow v. Semrow, 26 Minn. 9, 46 N. W. 446.

The order refusing to reduce the alimony is appealable. Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787. However, appellant is mistaken as to the scope of the matters which could enter into the court's decision. It should be clear that the motion for such an order cannot serve to review matters determined by the judgment or present new evidence which might have been presented at the trial so as to call for a different or modified judgment. It is to be presumed that all the facts in existence at the time of the trial bearing upon the alimony and support for the child and defendant's ability to pay were presented to the court and the conclusion reached which is embodied in the judgment. If that was wrong it should have been rectified by appeal. A substantial change in the situation of the parties subsequent to the judgment alone justifies a modification in a divorce decree both as to alimony and as to the custody of children. See 2 Dunnell, Minn. Dig. (2 ed.) § 2805, and cases there referred to.

[2] Defendant made an application for a modification in both respects in June, 1927. A hearing was had and an order made July 2, 1927, whereby, by consent of both parties, the custody of the child was awarded a third party. The motion, in so far as it asked that all alimony to plaintiff cease, was denied; the court however granting this modification, that $100 be paid to plaintiff each month as alimony and that $100 be paid by defendant to the one having the custody of the child for its support and education. There was no appeal from that order, and it was appealable. Instead, within two months defendant again moved for relief from all alimony or its reduction, resulting in this order now under review. It is no more proper upon this last hearing to consider the facts involved or which could have been presented on the hearing resulting in the order of July 2 than those before the court or obtainable at the trial which culminated in the judgment of November 29, 1926. Hence

the inquiry to which the court below was limited was whether or not there had been such a change in the situation of the parties since July 2, 1927, as to warrant any relief from the alimony of $100 then awarded. The implication from the record is that the custody of the child and the amount and payments for her support and education were according to defendant's own wishes. At any rate he is under obligation to support the child; and while it is proper to take the amount so needed into account in fixing the alimony to the wife and ascertaining the ability of the husband to pay it, still it is not thought that the one-third of the husband's income, to which the award of alimony may extend by G. S. 1923, § 8602, must necessarily be reduced because of the outlay for the support of the children although such expenses may well be considered by the court. The wife in every divorce action is not entitled as a matter of right to alimony to the full extent of one-third of the husband's net income. Her age, health, and earning capacity are to be considered as well as that of the husband.

[3-4-5] There can be no doubt that where the wife upon a divorce is granted alimony, and such alimony is to be derived solely from the earnings of the husband, it means the net earnings; so that under the section cited the amount cannot exceed one-third of the income after deducting the necessary expenses, which for a practicing physician includes office equipment and help, rent, telephone, drugs, medicines, etc. And it may also be said that now an automobile and its upkeep is a necessity for a doctor. But even tested by that rule we cannot say that upon this record there was an abuse of judicial discretion in refusing to reduce or revoke the alimony fixed by the order of July 2, 1927. The rule governing the trial court in orders of the sort now under review is well stated and restated in Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129, and Id. 119 Minn. 484, 138 N. W. 787. Discrepancies in the figures of the monthly earnings and expenses in the different affidavits of defendant cast doubt on their accuracy. Again, even if there be shown two or three lean months, a frequent occurrence in the experience of every professional man, doctor or lawyer, whose income is derived solely from his practice, a court might well anticipate

that time will shortly restore the earnings to normalcy. And no doubt the court should have the same fluctuation in mind when importuned by a thoughtless alimony recipient or her attorneys to enforce a default by imprisonment, which almost inevitably will result in a destruction of all income and the ruin of a professional man's practice. It cannot be held by this court that the showing of a change in the status of the parties since the order of July 2, 1927, was made, was such that the court abused judicial discretion in refusing to cancel or reduce the alimony of $100 a month awarded plaintiff by that order.

The order is affirmed.