ZETA ROSE ERICKSON v. HERBERT ERICKSON.[1]

June 14, 1935.

No. 30,401.

See 181 Minn. 421, 232 N. W. 793.

*Harry S. Swensen* and *George S. Grimes,* for appellant.
*James E. O'Brien* and *Arthur P. Jensen,* for respondent.

[1]Reported in 261 N. W. 397.

Per Curiam.

In 1923 plaintiff obtained a decree of divorce with $1,000 as temporary and permanent alimony, suit money, and attorney's fees. In 1930, upon plaintiff's application, the decree was modified so as to provide for the payment thereafter of $150 per month alimony. Defendant appealed. There was an affirmance. Erickson v. Erickson, 181 Minn. 421, 232 N. W. 793. The situation at that time is fully covered by the decision. In 1932 defendant made an application for a modification of the decree as to the alimony. It was denied except that the monthly payments for the year 1933 were suspended. In 1934 the present application for reduction was made and granted. From this order plaintiff appeals.

Plaintiff insists that defendant was in contempt of court and not in a position to have his application heard. It is true that he was in arrears and that plaintiff had obtained judgments aggregating over $8,000 for past due alimony and support money for a child. But such default does not preclude the court from entertaining an application to modify a decree as to alimony. Lindbloom v. Lindbloom, 180 Minn. 33, 230 N. W. 117; Plankers v. Plankers, 173 Minn. 464, 217 N. W. 488; Craig v. Craig, 163 Ill. 176, 45 N. E. 153.

It is also urged that the denial of the application in 1932 is a bar to the present application. We think not. It is true that incomes and values decreased very much from 1930, when the $150 per month alimony was awarded, to 1932, when defendant made his first application for reduction; but it is common knowledge that incomes and values materially decreased since 1932. On the former appeal the trust estate from which defendant derives his main income and in which he has an interest appeared to be worth over $1,000,000, and defendant's income therefrom was thought to be over $5,000 a year. When the present application was made in 1934 the value of the trust estate was estimated at less than half of its former value and the income of defendant therefrom at less than $1,000 a year. So the court was justified in concluding that there had been a change for the worse in defendant's financial condition since the application of 1932 was denied.

On the merits, we are of the opinion that the showing made justified the court's conclusion that defendant's financial and physical ability had so changed that the decree as to plaintiff's alimony should be reduced. That there was such a change between 1930 and 1932 appears from the order denying the application of 1932 to be entirely relieved from alimony, for the payments of the alimony for the year 1933 were suspended. No good purpose will be served by discussing the conflicting affidavits upon which the order appealed from is based. It is enough to say that the trial court had ample ground for concluding that defendant's physical and financial situation has greatly changed for the worse since the modification of the decree in 1930, and that to quite a degree such change has taken place since the year 1932. It is clear that under the decision of Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787, defendant's income has so decreased since the former order that the court was bound to modify the decree as to alimony.

The order is affirmed.