## HELEN C. BOTKIN v. DONAL B. BOTKIN.

77 N. W. (2d) 172.

March 23, 1956—No. 36,656.

*Roland J. Faricy, William A. Bierman, B. Warren Hart,* and *Faricy, Moore & Costello,* for appellant.

*Robert O. Sullivan, David R. Roberts,* and *Sullivan, Stringer, Donnelly & Sharood,* for respondent.

MURPHY, JUSTICE.

This proceeding was brought by the defendant husband, Donal B. Botkin, to reduce the amount of alimony required to be paid plaintiff, Helen C. Botkin, under a stipulation embodied in a final divorce decree. The subsequent order of the trial court allowing a reduction in monthly payments is appealed by his wife on the ground that the court abused its discretion and erred as a matter of law in granting a reduction in any amount.

The parties were married on June 8, 1927. The wife was granted a default divorce on January 4, 1951, on the grounds of cruel and inhuman treatment. There is one child of the marriage who is now ten years old and who was given into the custody of the mother under the original divorce decree. This decree consisted in the main of a stipulation which had been mutually entered into by the parties and later incorporated into the final decree. This stipulation provided in part as follows:

"WHEREAS, each of the parties is fully advised of the scope and nature of his or her claims and legal rights with respect to the other and said son, as raised in the above entitled pending action and it is the intention of the parties hereto that such claims and rights with respect to the other and to said son, and to the estate and property of the other arising or existing by virtue of the marriage relation be fully, finally, and forever settled and determined as between them, and that in the pending action these rights and claims be fully, finally, and forever adjudged by the approval, adoption, and incorporation of the terms of this agreement in any judgment or decree therein, and

\* \* \* \* \*

"[Here follow the specific provisions.]"

In addition to provisions for custody and support of the child and property settlement, the final divorce decree provided that the defendant husband would maintain seven insurance policies, with plaintiff designated as the irrevocable beneficiary, and pay a monthly alimony of $1,050. At the time of the divorce the husband, who is vice president in charge of operations of a corporation, was earning

a gross income of $56,791 per year which after deduction for federal taxes, state taxes, and necessary expenses resulted in a net income of $36,200.74. At that time the wife was, and apparently still is, afflicted with rheumatoid arthritis and arthritis of the spine, a condition which requires constant medical attention and recurrent hospitalization.

On April 30, 1953, the husband moved the court to reduce the monthly alimony payments from $1,050 per month to $750 per month on the ground that there had been such a substantial change downward in his income since the original decree that a modification of the alimony payments was warranted. In 1954, his gross income had dropped to $45,698.65 per year which, after tax and necessary expense deductions, amounted to a net annual income of $33,135.35. Thus the drop in net income from $36,200.74 in 1951 to $33,135.35 in 1954 resulted in a total of $3,065.39 less income being available for alimony payments per year. The trial court ordered a reduction in monthly alimony from $1,050 to $800 per month, thereby permitting a yearly reduction of $3,000 or what amounts to approximately the total yearly decrease in net income of the husband.[1]

 It is the contention of the plaintiff that the trial court abused its discretion and erred as a matter of law in concluding that there has been a sufficient change of circumstances of the parties to justify modifying the decree of divorce so as to reduce the alimony payments from $1,050 to the sum of $800 per month. In granting the reduction, the trial court found that there had been substantial change in the financial situation of the parties and, in so doing, rested its conclusion on its findings that there had been a reduction in plaintiff's living costs and that there has been a significant decrease in the defendant's net earnings.

The plaintiff also asserts the court was in error in finding that plaintiff's health had improved and that a substantial decrease in

---

[1]Additional facts were included in a Supplemental Record filed by the defendant apparently for the purpose of casting doubts upon the character of the plaintiff. Since those facts pertain solely to a question of custody, which was previously decided independently of this motion for reduction of alimony, they have not been included here.

living expenses warranted a revision of the decree. The plaintiff asserts there is no evidence that her health has materially improved or that her medical expenses have greatly lessened. On the contrary, she asserts by her affidavit that the total expenses for medical treatment and consultation in 1953 alone were in excess of $2,000.

In determining the issues thus presented, we are required to consider the rule of law that application for modification of a divorce decree with reference to alimony is addressed to the sound judicial discretion of the trial court and its decision will not be reversed except for abuse of such discretion. Kate v. Kate, 234 Minn. 402, 406, 48 N. W. (2d) 551, 555. But, in examining the record so as to determine whether or not there has been an abuse of sound judicial discretion, we must recognize the well-established rule that modification of allowance fixed by a divorce decree should not be made unless there is proof of substantial change in the situation of the parties from that in which they found themselves when the decree was rendered. Hagen v. Hagen, 212 Minn. 488, 4 N. W. (2d) 100; Kate v. Kate, 234 Minn. 402, 48 N. W. (2d) 551; Warren v. Warren, 116 Minn. 458, 133 N. W. 1009.

Moreover, the stipulation entered into between the parties in this particular case should be given great weight. The stipulation here represented a proposal to the court by husband and wife, who, after 23 years of marriage, agreed to a final determination of their mutual rights and property interests. In arriving at this determination, they had the benefit of able counsel. It may be assumed that since rights of inheritance were being dissolved both parties were aware that the stipulation was to be final and represented the best interests of each. The court, having found that statutory grounds for divorce existed, embodied their proposals in his decree. Where, as here, the award for alimony is based upon a stipulation, courts should be more reluctant to order a revision than they would ordinarily be.

While the record does not show whether or not there has been any change in the husband's net worth, he contends that, because his income has decreased in the sum of $3,065.39, the alimony payments should be reduced in approximately a like amount. It is our view

that a drop in the husband's net income from $36,200.74 in 1951 to $33,135.35 in 1954, does not constitute a substantial change in his circumstances. Measured against his total net income, the amount of decrease is not such as to create a burden which could not have been foreseen at the time the stipulation was entered into. Nor does an examination of the stipulation warrant the conclusion that its provisions were designed to meet unusual or temporary expenses existing at the time and that future revision was even contemplated.

It is claimed that the husband should be relieved from the amount of alimony payments provided for in the decree because the amount paid is more than needed by the wife in her present circumstances; that her health has improved; and she now lives in a home of her own where economies might be effected. While the alimony allowance is a substantial amount, it is not out of proportion to the comparatively large income of the husband, and it is in keeping with the circumstances and living standards of the parties at the time of the divorce. In Hempel v. Hempel, 225 Minn. 287, 291, 30 N. W. (2d) 594, 597, this court quoted with approval from a New York case as follows:

"* * * In coming to a conclusion as to the amount of alimony, the station in life of the husband, his means as shown by the testimony, including his expenditures, and his apparent condition, should be the criterion as to the proper amount necessary to give the wife suitable support, it being remembered that such suitable support is not simply what will supply her with the bare necessaries of life, but such a sum as will keep her in the situation and condition in which her husband's means entitle her to live."

We hold that under the circumstances in this case the decrease in income shown by the husband does not support a finding of "substantial change" in the circumstances of the parties. The order of the trial court granting a reduction must therefore be reversed.

■ In response to defendant's claim that the record printed by plaintiff is incomplete, we conclude that all matters pertinent to the findings bearing upon the issue of reduction of alimony were in-

cluded in the record printed and filed by plaintiff.[2] Furthermore, a settled case is not required in this appeal where no testimony was involved nor, in the absence of a contention that the files sent up to this court are incomplete, is a certificate from the clerk of the trial court required. Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 392, 232 N. W. 740; Holtberg v. Bommersbach, 235 Minn. 553, 51 N. W. (2d) 586.

Reversed.

UPON MOTION TO DISMISS APPEAL.

On April 20, 1956, the following opinion was filed:

PER CURIAM.

By our decision in the above-entitled matter, filed March 23, 1956, we reversed an order of the district court which modified a divorce decree by reducing the amount of monthly alimony payments. We now have before us a motion by the defendant husband to dismiss the appeal, which motion urges that the order appealed from was not an appealable order.

The order of the trial court which included findings of fact and conclusions of law recited:

"That Defendant is entitled to judgment modifying Subsection c of Paragraph 3 of the decree to read as follows: 'Defendant shall pay to Plaintiff on or before the 11th day of each month hereafter, as alimony, the sum of Eight Hundred Dollars ($800.00)' instead of 'Defendant shall pay to Plaintiff on or before the 11th day of each month hereafter, as alimony, the sum of One Thousand Fifty Dollars ($1,050.00).'

"Let judgment be entered accordingly as of February 1st, 1954.

"Dated: October 5, 1954."

The defendant contends that the court's order was interlocutory and that no modification of the judgment was entered prior to the appeal. He contends that the order for judgment is nonappealable, arguing that in order to have a review of the order the plaintiff is

---

[2]See footnote 1, *supra.*

required to enter judgment pursuant to the order and appeal from the judgment as modified.

When this matter was presented to the court, the question as to the appealability of the order was considered, but since the point was not raised, it was not discussed in the opinion. The language in Smith v. Smith, 77 Minn. 67, 69, 79 N. W. 648, 649, and Bowlby v. Bowlby, 91 Minn. 193, 196, 97 N. W. 669, 670, lends support to the position taken by the defendant; but in the later case of Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787, we held that an order *denying* a motion for reduction in alimony was appealable and indicated that in accepting jurisdiction no distinction should be drawn between an order granting and an order denying such motion. In support of the statement in 2 Am. Jur., Appeal and Error, § 119, that "An order changing a judgment of divorce by reducing the amount of alimony is likewise appealable," Wetmore v. Wetmore, 162 N. Y. 503, 56 N. E. 997, 48 L. R. A. 666, and Livingston v. Livingston, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, are cited.

The motion to dismiss is denied.