In re the Marriage of Dorothy F. ANGE-
LOS, n.k.a. Dorothy F. Ekegren,
petitioner, Appellant,

v.

Matthew G. ANGELOS, Respondent.

No. C9–84–281.

Supreme Court of Minnesota.

May 17, 1985.

Mary Catherine Lauhead, St. Paul, for appellant.

John C. DeMoss, Minneapolis, for respondent.

Joanne Thatcher Swanson, St. Paul, Rebecca Hanson, Frederick, Minneapolis, amicus curiae, for Minnesota State Bar Assoc.

PETERSON, Justice.

Appellant, Dorothy F. Angelos, n.k.a. Dorothy F. Ekegren, and respondent, Matthew G. Angelos, were divorced in Hennepin County District Court by judgment and decree for dissolution of marriage, entered on March 8, 1977, which incorporated the terms of a stipulation of the parties. On November 4, 1983, appellant moved the family court to have the judgment and decree vacated or modified. She requested the following:

1.  The immediate sale of her former homestead occupied by respondent and a distribution to her of half the proceeds.

2.  A cash award representing amounts she had contributed to the purchase of the homestead derived from nonmarital assets consisting of inheritance and gifts.

3.  A cash award representing the value of respondent's pension plan as it existed in 1977.

Judge Roberta K. Levy affirmed the family court referee's order denying all of these requests, finding that there had been no mistake, inadvertence, excusable neglect, or fraud in the proceedings of March

8, 1977. Appellant's appeal to the Minnesota Court of Appeals was dismissed on the grounds that, by the terms of Minn.R. Civ.P. 103.03, this was a nonappealable order.[1] We affirm in part and reverse and remand in part.

Rule 103.03, which governs appeals as of right, is concerned primarily with preserving the finality of judgments and the orderly administration of justice. Because of these concerns, an order denying a motion to modify or vacate a final order or judgment is generally not appealable; only the original judgment itself, or any amended judgment, may be appealed. *Evenrud v. Park & Recreation Bd.*, 310 Minn. 234, 245 N.W.2d 609 (1976); *Kempf v. Kempf,* 287 Minn. 529, 177 N.W.2d 40 (1970); *Kottke's Bus Co., Inc. v. Hippie*, 286 Minn. 526, 176 N.W.2d 752 (1970).

In the practice of family law, however, modifications of judgments on the basis of changed circumstances are *sui generis* and do not fit within the reasons for the rules with respect to finality of judgments not appealed from within 90 days. These changes in circumstances do not ordinarily appear within the 90 days following entry of judgment. Moreover, domestic relationships, by their nature, continue under the jurisdiction of the court virtually throughout the lives of the parties. Accordingly, the legislature specifically authorized modification, in cases of changed circumstances, of those provisions of divorce decrees affecting custody, visitation, maintenance, and support. Minn.Stat. §§ 518.18 and 518.64 (1984).

In authorizing such modifications in custody, visitation, maintenance, and support because of circumstances differing from those upon which the original judgment was based, the legislature has, in effect, provided for proceedings that, if not for the concept of continuing jurisdiction, would be independent of the original divorce action. Application to such modifications of the general rule that orders deny-

1.  The court also dismissed as untimely appellant's request for discretionary review pursuant to Minn.R.Civ.App.P. 105.01, but she does not appeal from that dismissal.

ing motions for modification of judgments are nonappealable would be contrary to the legislative scheme in enacting statutes authorizing the modification—if modification is erroneously denied, appeal must be available. *See King v. Carroll,* 356 N.W.2d 449, 451 (Minn.App.1984). Because of these unique circumstances, as dictated by the legislature, modification proceedings brought pursuant to sections 518.18 and 518.64 are "special proceedings"[2] within the meaning of Minn.R.Civ.P. 103.03(g), which states that appeal may be taken "except as otherwise provided by statute, from a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding." Minn. R.Civ.App.P. 103.03(g). As such, any final orders—those denying as well as granting modifications of custody, visitation, maintenance, and support—are appealable as of right.[3]

In this case, appellant is requesting modification of a property settlement, not of support or custody. Property settlements differ from provisions affecting support, maintenance, custody, and visitation because section 518.64, subd. 2, expressly makes them final, except for the award of occupancy of the homestead. Property settlements are subject to modification "only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state." Minn.Stat. § 518.64, subd. 2; *see also* Minn.Stat. § 548.14 (1984) (dealing with the setting aside of judgments). Because the legislature saw no reason to provide specifically for modifications of property settlements, proceedings considering such modifications are not "special proceedings," and there-

fore orders denying motions for modification are subject to the general rule; that is, they are not appealable as of right. Accordingly, as the court of appeals held, the family court's denial of appellant's request for a cash award representing nonmarital contributions and the value of respondent's pension plan are not appealable.

Appellant's claim with respect to the homestead stands on a different footing, however. The divorce decree awarded respondent "all right, title and interest in and to" the homestead, subject to the following obligations to appellant:

(a) If said homestead is sold at any time while [appellant] is alive, said sale shall not be made without the written approval of [appellant] as to sale price and if [appellant] and Respondent cannot agree on said sale price, then application shall be made upon notice to [appellant] to Hennepin County District Court for a final decision as to such sale and sale price. [Appellant] and Respondent shall each have one-half of the net sale proceeds.

(b) Upon the death of [appellant], if Respondent is surviving, such rights as she might have in said property shall belong to Respondent. Upon the death of Respondent, if [appellant] is surviving, such rights as he might have in said property shall belong to [appellant], subject to the rights of the above children to own said property in equal shares when both [appellant] and Respondent are deceased. In the event [appellant] and Respondent should sell said property after either is deceased, one-half of the net proceeds thereof shall belong to the sur-

---

**2.** We have defined a "special proceeding" as: "[S]uch proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. Its existence is not dependent upon the existence of any other action and it therefore is not an integral part of the original action but is separate and apart. It adjudicates by final order a substantial right distinct from any judgment entered upon the merits of the original action."
*State Bank of Rose Creek v. Commerce Comm'n,* 305 N.W.2d 794, 797 (Minn.1981), *quoting, Wil-*

*leck v. Willeck,* 286 Minn. 553, 554 n. 1, 176 N.W.2d 558, 559 n. 1 (1970).

**3.** We have previously held that orders denying modification of support or custody are appealable, although without discussing the basis for their appealability. *Kiesow v. Kiesow,* 270 Minn. 374, 380–81, 133 N.W.2d 652, 658 (1965); *Botkin v. Botkin,* 247 Minn. 25, 77 N.W.2d 172 (1956); *Plankers v. Plankers,* 173 Minn. 464, 217 N.W. 488 (1928).

vivor and one-half thereof shall belong to the above named children of the parties.

(c) In the event of the remarriage of either [appellant] or Respondent, the spouse of such remarrying party shall not acquire any interest, title or rights pertaining to the property herein.

In effect, respondent has the right of occupancy of the homestead until it is sold, and appellant's motion for immediate sale of the property is not one to change the essence of the property settlement but only to effectuate one of its terms regarding the duration of occupancy. Because the legislature specified that occupancy is not final, Minn.Stat. § 518.64, subd. 2, and provided for its modification in Minn.Stat. § 518.63 (1984), any motion requesting a change in occupancy, like those requesting changes in maintenance or support, is a type of "special proceeding." Thus, denials of these motions also are appealable as of right under Rule 103.03(g).

We accordingly reverse the court of appeals with regard to the issue of the sale of the homestead and remand with directions to reinstate the appeal on that single issue.

Affirmed in part and reversed and remanded in part.