[No. 23782. Department One. December 6, 1932.]

ARTHUR F. BARTOW, *Respondent,* v. ADELIA BARTOW, *Appellant.*[1]

*Nelson R. Anderson,* for appellant.

*John J. Sullivan* and *Everett O. Butts,* for respondent.

MITCHELL, J.—The parties to this action were divorced on the grounds of cruelty. The interlocutory order was entered March 12, 1928, and provides, among other things, that Mr. Bartow should pay Mrs. Bartow seventy-five dollars alimony per month for six months from March 1, 1928, and after the expiration of the six months "until the further order of the court the sum of fifty dollars per month." In January, 1932, he applied for a modification of the interlocutory de-

[1]Reported in 16 P. (2d) 614.

cree so as to eliminate the payment of any alimony, alleging:

"That said order was predicated upon the testimony of the defendant to the effect that she was physically incapable of supporting herself or contributing to her own support. That if said testimony was true at the time made, it is now of no force and effect, for the reason that such condition, if any, defendant had, has ceased to exist. That the defendant is an exceedingly robust and physically strong woman, and is earning and capable of earning a sum in excess of fifty dollars per month, and is capable of entirely supporting herself. That she has no children dependent upon her for support."

These allegations were denied by Mrs. Bartow. Upon the hearing, counsel for Mr. Bartow stated this to be the issue, and that Mr. Bartow ought to be entitled to at least a reduction in the amount of the alimony.

Oral testimony was introduced, at the conclusion of which an order or judgment was entered, March 2, 1932, that, upon the payment of fifty dollars a month for six months, or three hundred dollars within ten days, as Mrs. Bartow should elect, all obligations of Mr. Bartow to Mrs. Bartow should cease and terminate. Findings were not made, other than recitals in the judgment "that there are no children of either of the parties hereto," and that, except the three hundred dollars now ordered to be paid, "there remains no further cause or justification for the plaintiff's being required to pay to the defendant alimony or support money." Mrs. Bartow, the defendant, has appealed.

The trial judge in the present controversy did not hear the divorce action. The testimony given in the former hearing is not in the present record. The property awarded to the appellant in the interlocutory decree of divorce was of little value and non-productive. The findings supporting the interlocutory decree are

silent as to any income on the part of the appellant, nor do they mention anything of the condition of her health or ability to earn anything at that time.

In the present hearing, the testimony shows that, since the divorce, she has occasionally engaged in the pastime of fishing on a stream or helped row a boat in fishing on the Sound, and has attended dances several times a year; but the testimony also shows that she did the same things to about the same extent before the divorce. There is no proof that she has been able to work at anything, or that she has engaged in earning anything at work. She is not prepared for any particular kind of work, and the evidence is abundant that, for periods of days at a time, frequently, she is wholly unable to do or help about her house work. She has not acquired any property since the interlocutory decree was entered.

The surgeon and physician who has treated her since more than a year before her decree of divorce down to the present time, having made several examinations from February 27, 1927, to January 22, 1932, in speaking of her principal and continuous trouble, said:

"In so far as I am able to determine, there is little or no change in her pelvic condition since her first examination on February 27th, 1927."

The respondent is about forty years of age, and in good health. At the time of the divorce he was earning one hundred eighty dollars per month, and has continued to do so down until the present time, except that he now contributes $7.50 per month to a fireman's pension fund.

There was no appeal from the interlocutory order, which, as to alimony, continued the jurisdiction of the court.

Where there is a material change in the circumstances of the parties to a divorce action, the pro-

priety and extent of a modification of a decree fixing alimony rests, of course, largely in the discretion of the court, which should be guided by the rules originally applicable to the award in the first instance. 19 C. J., p. 273. Still further:

"Although there is some authority to the contrary, the rule is that, unless the circumstances of the parties have changed since the decree was rendered, or there are material facts which existed prior to the decree of which the applicant was excusably ignorant when it was rendered, the decree cannot be altered. In no event will such a modification be made without proof of a substantial change in the condition of the parties." 19 C. J. 273.

Such is the rule adopted in this state. In *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F, 721, it was said that, on account of the great importance of the question, a painstaking examination of the authorities was made, from which certain classifications were determined upon this subject generally. The fourth one, which applies in a situation such as the present one, is as follows:

"IV. Comprising this class are the cases where the court by express provision in its decree, reserves to itself either all or a portion of its power to provide alimony for the wife or maintenance for the children. In such cases, the decree is not final and conclusive as a matter of law, because it does not purport to be final and conclusive as a matter of fact. The reservation in the decree plainly indicates an unfinished determination of the judicial mind; that is, the court has not completely disposed of the case. The power of the court not having been exhausted, it reserves to itself the right to exercise the unexhausted portion of its power in such manner as *changed conditions and circumstances may indicate to be just.* As a judgment in any kind of action thus inconclusive and incomplete is not final, so, also, it is not final in a decree relating to alimony. The cases are in harmony that, where the power

to modify is thus expressly reserved in the decree, *the tribunal reserving it has the power to exercise it to meet changed or changing conditions thereafter arising."* (Italics ours.)

Such was the theory and issue upon which the present application was made, and it was so stated by counsel for respondent at the commencement of the hearing. That was the issue presented, and we cannot find that it was sustained by the proof. There is, in our opinion, no material change in the circumstances of the parties over what they were when the decree now sought to be modified was entered.

Reversed, with directions to dismiss the application to modify the decree of alimony.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.