[L. A. No. 13651.   In Bank.—September 27, 1933.]

EVA M. SNYDER, Appellant, v. GUY SNYDER, Respondent.

William Ellis Lady for Appellant.

W. H. Abrams for Respondent.

PRESTON, J.—Appeal by plaintiff in a divorce action from an order made February 9, 1932, reducing the amount allowed her from defendant, for herself and minor child, from $50 to $30 per month, and specifying that said allowance is to be for the benefit of the child only. The interlocutory decree in favor of plaintiff, entered March 7, 1930, also awarded to her the custody of the child. It is conceded that said decree, as well as section 139 of the Civil Code, reserved to the court the right to modify, from time to time, its orders with respect to these matters.

On October 10, 1931, defendant obtained an order to show cause, *in re* modification of said decree, to reduce the original allowance of $50 to $20. He supported his application by his own affidavit and set up the fact that he had remarried and that his family now consisted of his second wife and her two minor children, all of whom he was supporting, and that his earning power was not to exceed $140 per month. Plaintiff filed a counter-affidavit. On November 12,

1931, the application was heard and denied by the court. Subsequently, and on February 2, 1932, upon practically an identical affidavit, a second order to show cause was issued and served on plaintiff's attorney. Under said affidavit alone, without the development of a single new fact, the court on February 9, 1932, modified said maintenance allowance by reducing it from $50 to $30 per month, as first hereinabove stated, and plaintiff appealed. Her appeal is made upon a duly prepared record. Respondent has not furnished us with a brief.

■ It is not necessary to determine whether the showing made by defendant on either of the orders to show cause set forth grounds sufficient to authorize the modification of said maintenance order. For it is clear that the court, having denied the application on November 12, 1931, was without authority on February 9, 1932, to alter said decree upon an identical state of facts. It would be incongruous to allow an appealable order to become final and yet to concede the power of a court at a later date, upon the same state of facts, to issue an order nullifying it. The rule of law in this particular is stated in 1 Ruling Case Law, page 948, as follows:

"Authority to modify the allowance, however, does not include the right to alter the award upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry." See, also, to the same effect, 19 C. J. 273. This rule is followed by the District Court of Appeal in *Molema* v. *Molema*, 103 Cal. App. 79 [283 Pac. 956]. See, also, a case directly in point decided by the Supreme Court of the state of Idaho, *Simpson* v. *Simpson*, 51 Idaho, 99 [4 Pac. (2d) 345].

The order is reversed.

Curtis, J., Langdon, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.