## BLANK v BLANK

Ohio Appeals, 6th Dist, Lucas Co.

Decided Jan 18, 1937

Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

Norman Cohen, Toledo, for appellee.

## OPINION

By LLOYD, J.

On May 28, 1930, the above captioned cause was submitted on its merits and a decree for alimony was granted to Mrs. Rose Blank, appellant. According to the entry of the court, Mr. and Mrs. Blank then had five children, of whom, one, a daughter, Virginia, was then fourteen years old. She and a son, 24 years of age, are now living with their mother in a 12-room house in Indian Hills, Toledo. The entry of the court recites that "the parties have agreed upon a settlement of alimony" and the court "has examined the contract heretofore made between the parties and finds that it is a fair and reasonable settlement and the same is approved by the court, and the court proceeding to enter a decree to carry into execution the agreement heretofore made, it is ordered, adjudged and decreed as follows." Then, without further reference to the contract, follows six enumerated findings of the court as to what the parties are to have and to do. Number two of these findings reads:

"2. To provide for the maintenance and support of the wife and minor child, the husband shall beginning with the month of May, 1930, pay to the wife the sum of three hundred and fifteen ($315) dollars per month on or before the tenth of each month; these payments to continue so long as the income of the defendant John Blank is substantially as it is at the present time, but subject to modification in the event of the reduction of income and for such purpose the court retains jurisdiction of the cause.

"In addition to the payment of said three hundred and fifteen ($315) dollars per month the defendant shall pay or cause to be paid, all taxes and assessments levied

upon the real estate of the wife, to-wit Lot Number Ten, Indian Hills, Toledo, Ohio; all fire and burglary insurance premiums therefor, and shall furnish to the wife, at his expense, all fuel for the heating of the house. These payments for taxes, insurance and fuel shall be subject to modification by the further order of this court for the reasons stated in the foregoing paragraph."

On May 28, 1934, upon his motion and application therefore, the alimony decree theretofore entered was modified "because of the changed financial condition and earning capacity of the defendant John Blank" and the monthly sum to be paid to Mrs. Blank "as alimony and support of the minor daughter" was reduced to $166.66 "until the further order of the court," the original decree remaining otherwise unchanged.

On September 10, 1936, Mr. Blank moved the court to further modify the decree. This motion was heard by the court on September 30, 1936, and on October 8th, it was ordered and adjudged "that until the further order of the court the monthly payments which have heretofore been made by the said John Blank under the former order of the court be reduced so that commencing in November, 1936, he will pay to Rose Blank in full of all alimony and support of herself and minor daughter the sum of one hundred and twenty-five ($125) dollars per month" and that "the former order requiring the defendant to pay taxes, assessments and insurance on behalf of and to furnish fuel to plaintiff be vacated and set aside." From this order and judgment Mrs. Blank appeals to this court on questions of law.

Appellant contends that the trial court erred to her prejudice in several particulars, none of which, however, except one, are in any respect substantiated by the record. The error having substance is as follows:

"In granting appellant's motion to modify decree formerly entered without any evidence to justify modification."

The record and the bill of exceptions in the instant case disclose that the income of Mr. Blank is now the same as it was on May 28, 1934. when the original award of alimony was modified. There having been no decrease in income since that date, there can be no further modification of the amount then fixed until there is some change therein or in the cessation of the

obligation to support the minor daughter by reason of her becoming of age. Snyder v Snyder, 219 Cal. 80, 26 P. (2d), 403.

The judgment of the Court of Common Pleas is reversed and final judgment rendered for appellant.

Judgment reversed and final judgment for appellant.

TAYLOR and CARPENTER, JJ, concur.