# JEAN SIMS *v.* COLUMBUS MACKEY SIMS.

## No. 2250.

SUBMITTED JUNE 4, 1937.                    DECIDED JUNE 28, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from an order reducing alimony. The order was entered on the 15th day of October, 1935, by the judge of the court of domestic relations.

The parties were divorced on November 12, 1930, and the libelant was awarded the sum of $75 per month as permanent alimony, the court reserving the right to modify the decree in this regard.

On September 22, 1933, the decree was modified and the amount of alimony reduced to $60 per month.

On October 15, 1935, and after a hearing the alimony was further reduced from $60 to $25 per month. From the order making this latter reduction the libelant prosecuted the instant appeal.

The sole question presented is whether during the interim between the first modification and the last one the condition and circumstances of the parties underwent such a change as to justify the order appealed from. If they remained unchanged the learned judge was without power

to modify the order of September 22, 1933. To hold otherwise would be to authorize the judge who had rendered a final decree affecting alimony, or a subsequent judge, to review the action of the court although no appeal had been taken and there was no change in the circumstances of the parties.

The rule is thus stated in Ruling Case Law (1 R. C. L. § 94, p. 948) : "The application for an alteration or modification of the decree is always addressed to the judicial discretion of the chancellor, and ordinarily, in the absence of fraud in its procurement, the only inquiry is whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance. Authority to modify the allowance, however, does not include the right to alter the award upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter, or modify a decree for alimony upon the facts existing at the time of its entry."

The soundness of this pronouncement of the law has been recognized by many courts of review including our own. (*Hart* v. *Hart,* 23 Haw. 639; *Farm* v. *Cornn,* 31 Haw. 574. See also *Simpson* v. *Simpson,* 51 Idaho 99; *Langrall* v. *Langrall,* 145 Md. 340; *Snyder* v. *Snyder,* 219 Cal. 80.)

The only testimony relating to the financial situation of the parties was given by the libelee. His testimony discloses that there was no diminution in his earnings during the period referred to. According to his testimony he was in receipt of a salary of $325 per month at the time the first

reduction in alimony was made and that at the time the second reduction was made his salary had been increased to $350 per month. It is apparent therefore that his income, instead of being less in 1935 than it was in 1933, was greater.

So far as his indebtedness is concerned it appears from his testimony that it remained the same. He testified that he incurred an indebtedness of $1700 in 1929 which he had never paid. His situation in this regard was therefore the same when each of the reductions in alimony was allowed.

He also testified that about the middle of the year 1933 it was necessary for him to contribute $10 or $15 per month to the support of his aged father who was then living in San Francisco and that by the latter part of 1934 he was obliged to increase this amount to $35 or $40 per month. It is obvious that when the libelee first began making contributions to the support of his father the decree of 1933 modifying the original decree regarding alimony by reducing it from $75 per month to $60 had not been entered. At the time it was entered the libelee was receiving a salary of $325 per month. Subsequently his salary was increased to $350 per month. This increase of $25 exactly compensated the libelee for the increase in his financial obligation to his father. The result is that his financial condition was just the same when the order appealed from was entered as it was when the amendment of the decree was allowed on September 22, 1933.

The libelee testified that subsequent to the decree of divorce he took unto himself another wife and that this increase in his financial responsibilities lessened his ability to pay alimony to his former wife. It appears, however, that his remarriage occurred in September of 1932 which was prior to the first modification of the decree. His obligation to support his second wife had then already been incurred and was presumably considered by the judge

when the amount of alimony was first reduced from $75 to $60 per month and should not have been again considered on a motion to grant a further reduction.

The libelee also testified that in September, 1935, he had an attack of abdominal ulcers from which he was still suffering. That as a result of this condition he had been and was now under medical treatment. There is no testimony, however, that his illness interfered with his ability to work, or to what extent, if any, his financial responsibilities were increased on account of it.

Finally, it is claimed by the libelee that at the time the decree appealed from was entered the libelant had means of her own and ability to earn money for herself and to provide for her own support either entirely or in part. This claim is without factual basis.

The libelee having asserted in his motion that the libelant was financially and physically able to support herself is required in order to obtain a reduction in alimony on this ground to prove this assertion.

It is true the libelee's testimony indicates that subsequent to his marriage to the libelant and prior to the divorce she, by investing moneys he had given her and moneys she had received at different times from England, became the owner of certain stocks and securities and other property aggregating approximately $16,300 in value. But there is no proof that she possessed this property or any part of it at the time the order appealed from was entered, nor is there any presumption that she possessed it.

No change in the situation of the parties being shown the libelee has failed in the proof of his case. The decree appealed from is therefore reversed and the case is remanded for further proceedings not inconsistent with this opinion.