[No. 28172.   Department One.   March 22, 1941.]

HATTIE HUDSON, *Appellant*, v. CYRUS W. HUDSON, *Respondent.*[1]

[1]Reported in 111 P. (2d) 573.

*Ervin F. Dailey,* for appellant.

*Weter, Roberts & Shefelman,* for respondent.

MAIN, J.—This is an appeal from an order disallowing support money on an application made some years after the parties had been divorced.

The appellant, Hattie Hudson, and Cyrus W. Hudson, the respondent, were divorced by final decree entered October 9, 1934. Prior to this, an interlocutory decree had been entered which awarded to the appellant substantially all of the property that the parties then owned, including a ten-room house, with six bedrooms and two bathrooms, in a good residential district in the city of Seattle. In addition to this, the respondent was required to pay the appellant the sum of twenty-five dollars per month as alimony for one year, the court expressly reserving jurisdiction to reconsider the matter at that time.

In 1936, the matter again came before the court on an application of the appellant for support money, and an order was entered making an allowance of six hundred dollars as alimony, payable twenty-five dollars per month, the order containing a recital that, in the absence of very great change in the circumstances of the parties, the court would not consider any further application for additional alimony. From this order, a notice of appeal was given, but the appeal was never perfected.

In 1938, the appellant again petitioned for an allowance of alimony, and an order was entered denying the application on the ground that there had been "no

very great change in the circumstances of the parties hereto since the last hearing herein on September 3, 1936."

Another application was made in 1940 for an allowance, which resulted in an order denying the application. It is from this order that the appeal was taken which is now before us.

The only question open for consideration upon this appeal is whether the condition and circumstances of the parties had materially changed since the preceding order of the court; and whether there had been such a change rests largely in the discretion of the trial court, as pointed out in the case of *Bartow v. Bartow,* 170 Wash. 409, 16 P. (2d) 614. It is true that that was an application to modify the divorce decree with reference to alimony, but the same rule applies where an application is made to make an allowance where there has been a preceding application for such an allowance and the same was denied. *Plankers v. Plankers,* 173 Minn. 464, 217 N. W. 488.

The order made, preceding the one which is now before us, not having been appealed from, is *res judicata,* unless there has been, since that order was entered, a material change in the circumstances of the parties. *Blank v. Blank,* 55 Ohio App. 388, 9 N. E. (2d) 868; *Snyder v. Snyder,* 219 Cal. 80, 25 P. (2d) 403; *Sims v. Sims,* 34 Hawaii 237.

We now come to the question whether there has been a material change in the condition and circumstances of the parties, since the order of 1938 denying a similar application was entered. At the time of the last hearing, the appellant was occupying the house which she had continuously occupied since the divorce decree. With her there was residing her mother, an elderly woman. She also had one boarder, who, she said, was leaving soon. Upon the hearing,

the court inquired of the appellant whether she would be willing to sell the property or lease it, and she answered that she would be disinclined to do either. The property at that time was probably worth eight or nine thousand dollars.

The respondent was engaged, and had been for years, in the business of selling lumber on commission, in which business he was assisted by his second wife. His income varied from year to year. For the year 1937, it was substantially less than it had been during the preceding year, and, in 1938, it was again substantially less than it had been during the year 1937. In 1939, it had materially increased over what it was during the year 1938, but was substantially less than it had been in 1937.

The appellant testified that the house was very much in need of being repainted, and that there were certain repairs which should be made, but the testimony does not go so far as to establish that there had been a material change in the house during the preceding two years. It is our view that there was not a material change in the condition and circumstances of the parties subsequent to the year 1938, and that the court did not abuse its discretion in refusing the application of the appellant made in 1940.

The order appealed from will be affirmed.

Robinson, C. J., Steinert, Blake, and Driver, JJ., concur.