[No. 30182.    Department One.    August 21, 1947.]

INEZ E. PHILLIPY, *Appellant,* v. ROY PHILLIPY, *Respondent.*[1]

*Geo. W. Young,* for appellant.

*Robertson & Smith,* for respondent.

ABEL, J.—Plaintiff obtained an interlocutory decree of divorce from defendant on January 19, 1935, which was later made permanent by a final decree dated September 5, 1935.  By the terms of the interlocutory decree, plaintiff was awarded the care, custody, and control of the minor child of the parties, and the defendant was ordered to pay twenty dollars a month as alimony, such sum to be paid in two monthly payments of ten dollars each, beginning the first day of January, 1935, and such sums to be paid until the further order of the court.  The only other provision of the interlocutory decree regarding property or payments to be made by either party was a provision that the defendant was to pay a doctor bill in the sum of $109.50, and an attor-ney's fee in the sum of seventy-five dollars, and the costs although a property settlement agreement was filed which indicates that the parties owned some household goods and an interest in a home.

[1]Reported in 184 P. (2d) 58.

The transcript shows that, on January 25, 1946, a motion for an order to show cause was filed by defendant, at which time he was represented by an attorney other than his present counsel, in which motion he asked the court for an order directing plaintiff to show cause why the interlocutory order of divorce should not be modified. The motion stated that it was based upon the file and upon the affidavit attached. The affidavit set forth the following as the reasons why defendant asked for a modification of the interlocutory order of divorce:

"That since said Order was made the conditions and circumstances surrounding the parties and upon which said Order was based have materially changed in the following particulars:

"(a) The Plaintiff herein has remarried to a Mr. Charles Mayo and is no longer dependent upon the Defendant for support.

"(b) The Defendant herein has remarried and there are two minor children, the issue of said second marriage, namely, Lawrence Eugene Phillipy, age eight, and David Allison Phillipy, age six.

"(c) That the minor child of the Plaintiff and Defendant herein who was age five upon the entry of said Interlocutory Order has now reached the age of seventeen years and on January 9, 1946 enlisted in the United States Navy and that said Plaintiff no longer needs the alimony provided for in said Interlocutory Order for the support of said child.

"Based upon the following facts the affiant declares that it would be fair, equitable and reasonable to modify the above mentioned Interlocutory Order to relieve Defendant of making any future alimony payments to the Plaintiff and affiant hereby requests the Court to so modify said Order."

On the same date, an order to show cause was issued, which required the plaintiff to appear and show cause

". . . why that certain Order made by said Court on the 19th day of January, 1935, and more particularly described on the affidavit of Roy Phillipy in re modification thereof, a copy of which affidavit shall be served upon you attached to a copy of this Order, should not be modified as requested in said affidavit."

An answer was filed by plaintiff, which is entitled "AMENDED ANSWER TO AFFIDAVIT OF DEFENDANT FOR APPLI-

CATION FOR MODIFICATION OF INTERLOCUTORY ORDER." In this amended answer, plaintiff denied the allegations set forth in the affidavit, except that she admitted that she had married Charles Mayo, and that the son of plaintiff and defendant had attained the age of seventeen years, and had enlisted in the United States navy. As an affirmative defense, plaintiff alleged, in part, as follows:

"1. That during four years last past Charles Mayo, her present husband, was in the military service with the grade or rank of corporal for the major portion of said time. That her present husband is a common laborer presently employed at an occupation which pays him approximately $40.00 per week. That the plaintiff has been forced to work in order to augment the family earnings. That plaintiff and her present husband have accumulated no estate.

"2. That the minor son of the parties, although he is enlisted in the Navy, is not completely free from dependence upon the plaintiff for financial assistance.

"3. That the inability of plaintiff and her present husband to attain economic independence has been due to the fact that plaintiff and her husband since their marriage have been forced to expend sums of money for the maintenance of said minor over a period of 11 years in excess of $50.00 per month.

"4. That plaintiff is dependent in part for her livelihood on the alimony which was awarded her in the interlocutory order herein."

An order, dated March 2, 1946, was signed by a judge of the superior court for Spokane county, the pertinent parts of which are as follows:

"THIS MATTER having come on regularly for hearing by this Court on this 15th day of February, 1946 upon Defendant's Motion for Order to Show Cause Why Interlocutory Order of Divorce Should not be Modified; Plaintiff appearing in person and by her attorney, George Young, Defendant appearing in person and by his attorney, Jack D. Freeman, and evidence having been introduced on behalf of both parties and the Court having heard and considered the evidence and having entered herein its Findings of Fact,

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

"*First*: That the Interlocutory Order of Divorce entered by this Court on January 19, 1935 be not modified."

Notice of appeal was filed on March 13, 1946; however, nothing further was done in regard to the appeal.

On June 6, 1946, being then represented by his present counsel, defendant filed a "PETITION FOR MODIFICATION OF INTERLOCUTORY ORDER AND FINAL DECREE OF DIVORCE." This petition, after referring to the interlocutory order of divorce, states:

"That there was, as the issue of said marriage, one minor child, Marcus William, who at the time of said Order was of the age of about five years; that while the amount specified in said Order was designated as alimony, the same was in truth and in fact support money for said minor child; that defendant has faithfully complied with said Interlocutory Order ever since its entry and is not in arrears or delinquent upon any of the payments provided thereby.

"That since the entry of said Interlocutory Order and Final Decree of Divorce, the circumstances and conditions respecting the parties have materially and substantially changed, in that the minor son, Marcus William, has now reached the age of eighteen years, and on the 9th day of January, 1946, enlisted in the United States Navy for a period of enlistment of three years, as defendant is informed; and by reason of said fact is fully emancipated, self-supporting, and no longer needs or requires any financial aid or assistance from defendant. Defendant further alleges that the plaintiff above named has also remarried since the entry of said Final Decree of Divorce, having married one, Charles Mayo, on or about the month of November, 1940, and is now living with said Charles Mayo as his wife; that said Charles Mayo is regularly and gainfully employed earning the sum of $40.00 per week, or more, and that the plaintiff, Inez E. Mayo, formerly Inez E. Phillipy, is likewise employed earning the sum of $30.00 per week, as defendant is informed and believes; that together said Charles Mayo and Inez E. Mayo, his wife, have a combined income of $250.00 per month, or more, which income is in excess, or at least equal to that of the income of the defendant; that defendant has also remarried since the entry of the Final Decree, and now has dependent upon him his wife and two minor children aged nine and six years respectively.

"That under all the circumstances and conditions hereinbefore alleged, defendant alleges that it would be equitable and just to modify said Interlocutory order of Divorce to provide that defendant make no further payments of ali-

mony or support money, unless during the minority of defendant's minor son he should complete his term of enlistment in the Navy and again become dependent for support, but not otherwise."

Plaintiff filed an answer to this petition, and the cause came on regularly for hearing. Before evidence was received, counsel for plaintiff objected to the introduction of any testimony except that it be accepted to establish a changed condition since March 2, 1946, which is the date of the entry of the first order denying modification of the interlocutory decree of divorce. This objection was overruled, and evidence was introduced which established the fact that defendant had complied with the interlocutory decree of divorce; that the minor son of the parties was eighteen years of age and had enlisted in the United States navy in January, 1946, for a period of three years; that the plaintiff had remarried and her husband had been in the United States army, during which time he had made an allotment to plaintiff of eighty dollars a month, being the amount that he could allot to her and to the minor son of plaintiff and defendant; that the plaintiff was not employed at the time of the hearing, although she and her present husband had been employed until a short time before the hearing, with a combined income of sixty-five dollars a week, and her husband was then employed; that her health was poor and she was suffering from chronic sinus, asthma, and hay fever; that, at the time of the entry of the interlocutory decree of divorce, defendant was earning sixty dollars a month, and, at the time of the hearing on the petition to modify the interlocutory decree of divorce, he was earning two hundred twenty dollars a month; that he had remarried and had two children, six and nine years of age.

Based upon these facts, the trial court entered an order that the defendant should be relieved from the payment of any further alimony, as such, to the plaintiff while the son of the parties is in the United States navy, and that, in the event the minor son should again become a charge upon his mother, the plaintiff should have the right to make a reapplication for support.

Plaintiff has appealed and makes four assignments of error, claiming that the trial court erred (1) in receiving testimony, over the objection of counsel, in support of changed conditions existing between the parties before March 2, 1946, the date of the first order, denying modification of the interlocutory decree of divorce; (2) in sustaining the respondent's objection to testimony of appellant in support of her affirmative defense of necessity; (3) in sustaining respondent's objection to appellant's offer of proof of her necessity and that of the minor child of the parties; and (4) in making and entering its order modifying the terms of the interlocutory order, which was confirmed by the final decree.

In view of the fact that this case will be reversed on appellant's first assignment of error, there will be no need to discuss the second, third, and fourth assignments.

We have set out the pleadings in connection with the two applications for modification of the interlocutory order of divorce to show that both applications are based upon the same alleged changed conditions. It is quite apparent that all of the alleged changes of conditions set forth in the second application existed prior to the time of filing the first application, and, although the words used in the second application in describing these changed conditions are not the same as those used in the first application, they do, in effect, allege the same things.

In the case of *Hudson v. Hudson,* 8 Wn. (2d) 114, 111 P. (2d) 573, we had under consideration a situation where the parties had been divorced by final decree entered October 9, 1934. The interlocutory order provided for alimony, payable monthly for a period of one year, and the court expressly reserved jurisdiction to reconsider the matter of alimony.

An application for an additional allowance was made by the wife in the year 1936. This was granted to the extent of six hundred dollars, payable in monthly payments, the order further reciting that, in the absence of a very great change in the circumstances of the parties, the court would not consider any further application for additional alimony. A

notice of appeal from this order was given, but was never perfected. In 1938, the wife again petitioned for an allowance of alimony, and an order was entered denying relief. In 1940, another application for an allowance was made by the wife, which was likewise denied, and, on appeal by the wife, we stated:

"The only question open for consideration upon this appeal is whether the condition and circumstances of the parties had materially changed since the preceding order of the court; and whether there had been such a change rests largely in the discretion of the trial court, as pointed out in the case of *Bartow v. Bartow*, 170 Wash. 409, 16 P. (2d) 614. It is true that that was an application to modify the divorce decree with reference to alimony, but the same rule applies where an application is made to make an allowance where there has been a preceding application for such an allowance and the same was denied. *Plankers v. Plankers*, 173 Minn. 464, 217 N. W. 488.

"The order made, preceding the one which is now before us, not having been appealed from, is *res judicata*, unless there has been, since that order was entered, a material change in the circumstances of the parties. *Blank v. Blank*, 55 Ohio App. 388, 9 N. E. (2d) 868; *Snyder v. Snyder*, 219 Cal. 80, 25 P. (2d) 403; *Sims v. Sims*, 34 Hawaii 237."

The case of *Bartow v. Bartow*, 170 Wash. 409, 16 P. (2d) 614, was likewise a divorce action, where the husband was required to pay the wife seventy-five dollars alimony each month for six months, and, after the expiration of the six months, " 'until the further order of the court the sum of fifty dollars per month.' " The husband filed an application for modification of the interlocutory decree, alleging certain changed conditions. No appeal had been taken from the interlocutory order, which, as to alimony, continued the jurisdiction of the court. In that case, we stated:

"Where there is a material change in the circumstances of the parties to a divorce action, the propriety and extent of a modification of a decree fixing alimony rests, of course, largely in the discretion of the court, which should be guided by the rules originally applicable to the award in the first instance. 19 C. J., p. 273. Still further:

" 'Although there is some authority to the contrary, the rule is that, unless the circumstances of the parties have

changed since the decree was rendered, or there are material facts which existed prior to the decree of which the applicant was excusably ignorant when it was rendered, the decree cannot be altered. In no event will such a modification be made without proof of a substantial change in the condition of the parties.' 19 C. J. 273."

*Blank v. Blank,* 55 Ohio App. 388, 9 N. E. (2d) 868, was an Ohio case where the court entered a judgment for alimony for the support of the wife and a minor child, and retained jurisdiction to modify the same only in the event of a reduction in the income of the husband. The court stated as follows:

"The record and the bill of exceptions in the instant case disclose that the income of Mr. Blank is now the same as it was on May 28, 1934, when the original award of alimony was modified. There having been no decrease in income since that date, there can be no further modification of the amount then fixed until there is some change therein or in the cessation of the obligation to support the minor daughter by reason of her becoming of age. *Snyder v. Snyder,* 219 Cal., 80, 25 P. (2d), 403."

In the case of *Snyder v. Snyder,* 219 Cal. 80, 25 P. (2d) 403, the defendant filed an application for modification of the divorce decree to reduce the original allowance for support money. At the hearing on this application, the court denied it; however, subsequently, upon practically an identical affidavit, a second show cause order was issued, and, at a hearing upon this second order to show cause, the court granted the petition to modify. Upon appeal, the supreme court of California reversed the lower court, and stated:

"Under said affidavit alone, without the development of a single new fact, the court on February 9, 1932, modified said maintenance allowance by reducing it from $50 to $30 per month.

". . . The rule of law in this particular is stated in 1 Ruling Case Law, page 948, as follows:

" 'Authority to modify the allowance, however, does not include the right to alter the award upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day

in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry.' See, also, to the same effect, 19 C. J. 273. This rule is followed by the District Court of Appeals in *Molema v. Molema,* 103 Cal. App. 79 [283 Pac. 956]. See, also, a case directly in point decided by the Supreme Court of the state of Idaho, *Simpson v. Simpson,* 51 Idaho, 99 [4 Pac. (2d) 345]."

Counsel for respondent argues that there are many allegations in the second petition in addition to those presented to the court in the first petition, and then states:

"In any event the present petition raised additional points which were not before the court, nor presented for consideration upon the previous hearing, nor was any issue presented upon this hearing except the unsupported statement of appellant's counsel."

A reading of the two petitions, together with the answer, shows that all of the issues raised at the second hearing were before the court on the first petition. It is true that the trial judge states, in his memorandum opinion, that nothing was offered at the first hearing except a statement of counsel in support of his contention of a change in conditions. We have before us the transcript, supplemental transcript, and statement of facts. These records show the issues involved in the first hearing and the issues involved in the second hearing. Both parties and their attorneys were present in court at the time of the first hearing; the order of the court states that evidence was introduced in behalf of both parties, and, after the order was entered denying a modification, a notice of appeal was filed. Litigants cannot try out issues in court, then get other counsel and retry the same issues.

The judgment is reversed.

MALLERY, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.