## THOMAS SMITH *v.* VIOLET SMITH.

## NO. 2766.

SUBMITTED JANUARY 15, 1952.     DECIDED FEBRUARY 8, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

This is an appeal from an order increasing permanent alimony.

The original decree was entered on December 5, 1935 upon a cross libel awarding the appellee custody of a minor child, $50 per month for his support, education and maintenance, and $125 per month permanent alimony.

On June 16, 1943 the former husband moved to reduce the alimony and terminate the minor's allowance, he having attained majority. On March 3, 1944 an amended decree terminating that allowance and reducing the alimony to $62.50 per month was entered.

On June 8, 1948 the former wife moved to increase the alimony to $250 per month alleging, *inter alia,* that the former husband was in receipt of a salary in excess of that which he had been receiving at the time of the entry of the original decree, and was financially able to pay the increase requested; that she was unemployed, and unable to secure employment of a nature commensurate with her impaired physical condition; and that her sole means of subsistence

consisted of the alimony payments under the order of March 3, 1944. By supplemental affidavit she alleged that her health would be improved if awarded sufficient funds for a round trip to the mainland.

No counter, or other motion or pleading was filed in opposition, the former husband electing to proceed upon that state of the record. On May 9, 1949, after extended hearings in opposition to the motion, an order was entered amending the decree upon a finding that the condition and circumstances of the parties had changed and that the former wife was entitled to an increase to $250 per month and an attorney's fee of $300. From that order, the former husband appeals.

The former wife testified that at the time of the reduction of the alimony to $62.50 she was gainfully employed, whereas presently, due to the impaired state of her health, she was not; that she suffered frequent migraine headaches which incapacitated her from gainful employment; that physical exhaustion and a defective eye condition precluded her from employment in a normal eight-hour work day; that she had been unable to secure employment of a nature commensurate with her physical condition; that she was, in these circumstances, without property, assets or income except the sum of $62.50 per month alimony and government bonds of a maturity value of $250; and since being compelled to terminate her employment she had subsisted upon the alimony payments; that she had recently been forced to seek other living quarters at a rental of $60 per month; that she required a minimum of approximately $100 per month for food; and that she was in urgent need of chiropractic and dental treatments. Other miscellaneous expenses required as bare necessaries for maintenance were enumerated and established at $300 per month. The cost of the trip was estimated at $1,000.

The former husband testified that his gross income for

the year 1948 was slightly in excess of $10,000, rendering a gross salary of $715 per month in addition to a bonus; that he owned an automobile and, by joint contribution, he and his present wife held clear title to their home valued at $27,000; that jointly with her he owned government bonds of an approximate value of $1,500; and that they had recently completed a combined business and pleasure trip to the mainland. He testified that his former wife had complained of headaches ever since he had known her.

The appellee was examined by a physician of her choice from a list of five approved by court and counsel. He testified that having seen and examined her only on that occasion she appeared in fairly good physical condition; but complained of headaches, biliousness, gastritis, difficulty in sleeping, and general nervousness, characterizing these as symptoms of a subjective nature. He further testified that he was unable to state whether, in the circumstances, the symptoms enumerated were such as would affect her potential of employment, and while characterizing patients in her subjective frame of mind to be often "really sick," found nothing clinically discernible or organically wrong beyond the limits of a person her age.

The sole question presented is whether, since the modification of March 3, 1944, the condition and circumstances of the parties underwent such a change as warranted the finding upon which the amended decree of May 9, 1949 was entered. (*Sims* v. *Sims,* 34 Haw. 237; *Hart* v. *Hart,* 23 Haw. 639; *Farm* v. *Cornn,* 31 Haw. 574.)

The asserted bar to the motion was predicated upon section 12226 of Revised Laws of Hawaii 1945, which provides in part: "* * * upon the motion of the former husband supported by an affidavit setting forth in particular that the former wife, although able and capable of substantially rehabilitating herself financially, has wilfully failed to do so, said party may, in the discretion of the judge, be

granted a hearing, upon adequate notice to the other * * *. The judge, upon such hearing, shall consider all proper circumstances in determining the amount of alimony, if any, which shall, thereafter, be ordered paid to said former wife."

In this state of the record the former wife, as movant, was required only to establish the allegations of her motion in order to warrant the entry of the order appealed from. (See *Sims* v. *Sims, Hart* v. *Hart, Farm* v. *Cornn, supra,* p. 3.)

It was contended that the statute constituted a bar to the motion since the order of March 3, 1944 reducing the alimony under its applicable provisions foreclosed further amendment of the decree predicated upon the facts alleged in the motion; and that the findings at that time and in those circumstances, having conclusively determined the status of the wife, now precluded further increase of alimony. With that interpretation we do not concur. The motion sought to present a change of condition and circumstances which the chancellor found the evidence established.

" 'The application for an alteration or modification of the decree is always addressed to the judicial discretion of the chancellor, and ordinarily, in the absence of fraud in its procurement, the only inquiry is whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance. Authority to modify the allowance, however, does not include the right to alter the award upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor pre-

siding in the same court should, after the lapse of indefinite time, have power to reverse, alter, or modify a decree for alimony upon the facts existing at the time of its entry.' " (*Sims* v. *Sims*, 34 Haw. 237, 238.)

The findings of the chancellor upon which the order was entered were supported by ample evidence adduced at trial; and these findings will not be disturbed.

Hearings upon the motion necessitated six sessions, numerous witnesses were examined, and extended argument had upon the issues of law and fact presented. A counsel fee of $300 was awarded to counsel for the movant. We consider this award a reasonable one.

The order appealed from is affirmed.

*B. Houston* for appellant.

*E. J. Botts* and *F. Patterson* for appellee.

