[No. 39403.    Department One.    December 13, 1968.]

FLETCHER TURNER, *Respondent*, v. GOLDIE E. TURNER, *Appellant*.*

*Irwin, Friel & Myklebust,* by *Wallis W. Friel,* for appellant.

*Aitken, Schauble & Shoemaker,* for respondent.

McGOVERN, J.—Goldie E. Turner appeals from an order modifying the alimony provisions of an outstanding divorce decree.

In April 1964, the Turner marriage of almost 20 years

*Reported in 448 P.2d 941.

was terminated through decree of divorce. By the terms of that order, the property settlement agreement of the parties was approved by the trial court. Pertinent portions of that agreement required Mr. Turner to pay Mrs. Turner her $7,500 share of the community property at the rate of $300 per month until paid in full. It was also provided that after such total payment, Mrs. Turner would then receive alimony in the sum of $300 per month. The parties agreed that the amount of alimony payable would be subject to modification.

Mr. Turner made payment in full to Mrs. Turner of her share of the community property. In April 1966, he commenced making the alimony payments and then, in September 1966, he filed his petition for modification. Following a hearing on the merits of that petition, the trial court entered its order reducing the required alimony payments from $300 per month to $100 per month and ordered a termination of all alimony 1 year thereafter. This appeal is from that order.

The facts presented to the trial court support the determination that there was a substantial change in circumstances such as would sustain a modification decree. Mr. Turner is remarried and now charged with supporting his new wife and, under existing facts, has been partly supporting her child by a previous marriage. Subsequent to the divorce Mr. Turner was required to seek financial relief through federal bankruptcy proceedings. Whereas at the time of divorce, April 1964, Mr. Turner had just earned an annual gross income of $17,800, he was at the time of the modification hearing receiving an annual gross salary of only $10,300. The present Mrs. Turner contributes monthly net earnings of $277. His sole asset at the time of the modification hearing consisted of a $2,000 equity in residential property and he had outstanding indebtedness in excess of $8,000. To argue that those changes in Mr. Turner's circumstances are not substantial is to ignore the facts.

Mrs. Turner, on the other hand, after attributing her former husband's insolvency to poor financial management, argues that a modification is improper because her circum-

stances are unchanged. She argues that her needs are now as crucial and as large as they were at the time of divorce. She states that she has the same physical disabilities, and is still unemployed and unemployable. The facts, however, plainly show that her circumstances have not improved only because she has been unwilling to allow improvement. During the 2½ years between the divorce and the modification hearing, Mrs. Turner has neither sought employment nor undertaken training leading to such employment. That unwillingness mitigates against Mrs. Turner. Certainly it should not be of benefit to her cause.

■ Since there was competent and substantial evidence to support the findings of the trial court, we will not disturb its conclusion that a modification in the alimony award was warranted. *Stacy v. Stacy,* 68 Wn.2d 573, 414 P.2d 791 (1966).

■ While we are satisfied that a modification was in order, nonetheless we conclude that the trial court abused its discretionary powers when it ordered a termination of all alimony 1 year after the modification decree. The apparent inability of Mrs. Turner to now earn a full living wage was not afforded the weight to which it was entitled. The reasons for that inability are many: her formal education was terminated in the fourth grade and, at the time of the modification hearing, she had been without employment for more than 20 years; her work experience was that of a waitress and she had no other training; although physically able to work, the trial court acknowledged a physical working restriction due to her arthritic disability. These serious limitations, we conclude, will prevent Mrs. Turner from immediately earning a living wage in today's market. Her employment income will be extremely modest and in need of supplementation. Under all of the circumstances, her former husband of 20 years is well able to give her that assistance. *Stacy v. Stacy, supra.*

For the reasons stated, such part of the trial court's order that terminates the alimony award of $100 per month is set aside. In all other respects, the decree is affirmed.

HILL, ROSELLINI, HUNTER, and HALE, JJ., concur.