# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>ERIK M. ELZINGA,<br><br>                Respondent,<br><br>    and<br><br>SUSAN DEMPSEY HINES-ELZINGA,<br><br>                Appellant. | DIVISION ONE<br><br>No. 83375-8-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Susan Hines-Elzinga[1] filed a motion seeking to modify spousal maintenance, asserting that there had been a substantial change in circumstances warranting an increase in maintenance for two reasons—first, that her health had worsened rendering her unable to work as a teacher and, second, that Erik Elzinga's income had substantially increased. After a commissioner denied the motion, Susan moved for revision, and a judge denied that motion. Because Susan failed to establish a substantial change in circumstances that was not within the contemplation of the parties at the time the decree was entered, we affirm.

I

Erik Elzinga and Susan Hines-Elzinga married on February 14, 1989 in Gainesville, Florida. The couple separated on January 30, 2013.

---

[1] For clarity, we refer to the principals by their first names. We intend no disrespect.

A year later, on January 24, 2014, the parties entered into a separation agreement. Pursuant to the terms of the agreement, Erik was to pay a sum of $4,000 per month, plus 40 percent of his annual bonus, to Susan as maintenance for a period of seven years. Monthly payments were to commence on February 1, 2014 and would cease following the final payment on January 1, 2021.

The trial court entered a decree of legal separation on January 27, 2014. This decree incorporated all of the terms of the separation agreement. On September 10, 2014, the trial court converted the decree of separation into a decree of dissolution.

On December 30, 2020, two days before the final payment was due, Susan filed a motion to modify the decree of dissolution with regard to spousal maintenance. Therein, Susan alleged that she had been unable to work in her position as an art teacher since spring 2019, due to a heart valve issue and chronic foot pain. She also alleged that Erik's salary had increased substantially since the parties' separation. Erik opposed the request, arguing that there had been no unanticipated substantial change in circumstances.

In a supplemental declaration submitted to the court, Susan clarified that she was requesting that the court award her spousal maintenance of $4,500 per month plus 40 percent of Erik's annual bonus until her 70th birthday, followed by payments of $2,500 per month for the next 10 years. In her supplemental declaration, Susan asserted that Erik had been suffering from a substance abuse disorder at the time the separation agreement was executed and that his

recovery from his disorder was unanticipated. Erik requested the imposition of CR 11 sanctions against Susan for introducing evidence of his prior substance abuse disorder.

Trial by affidavit was conducted by Commissioner Leonid Ponomarchuk on June 18, 2021. After considering the evidence submitted by both parties, the commissioner entered a final order and findings on the petition to modify maintenance. Therein, the commissioner made the following findings of fact:

> This Court considered two prongs to determine whether there was a substantial change in circumstances:
>
> a. First, was Respondent's claim that she retired early from her position as an Everett publi[c] school arts teacher and that Petitioner's income earning capabilities increased.
>
>   i. Neither of respondent's anticipations, that she would work until age 70 as an art teacher in public school, and that petitioner would continue to labor with alcoholism, are memorialized in the parties separation contract or legal separation decree. Expectations about how long the parties would work is not before the court; the court is bound by the four corners of the document.
>   ii. With respect to the claim that sobriety increased petitioner's earning capacity beyond what was contemplated, it is not a surprise. While the majority of people suffering for addiction don't recover, others do.
>   iii. The court analogizes this to a situation where an obligor wins the lottery or gets an advanced degree. This Court concludes that neither would justify reopening the decree or be a substantial change in circumstances. An ailment which existed at the time of the decree should not provide the basis for a material change in circumstances.
>
> b. Second, Respondent suffered physical problems that impacted her ability to work.
>
>   i. Respondent provided a one page letter from Dr. Linscott, which basically says that she can't perform the 50 pound lifting requirement for Everett public schools and that she cannot walk on concrete floors for 7 hours per day[.] This

> does not show that she is unemployable in any capacity. Given Petitioner's challenge to her overall employability, it was Respondent's burde[n] to show she was unemployable. Considering all the materials timely submitted by respondent, and given that respondent is an educator with a higher degree, she failed to provide an adequate showing that respondent is unemployable.

Finding of Fact (7) (C).

The commissioner concluded that monthly maintenance should not be modified. The commissioner also awarded attorney fees to Erik in the amount of $4,500.

Susan filed a motion for revision, asking a superior court judge to revise the order denying her maintenance. The judge vacated the award of fees to Erik but otherwise adopted all of the commissioner's findings and conclusions. Susan subsequently filed a notice of appeal.

II

A

On a motion to revise the decision of a court commissioner, the superior court judge's review of the record is de novo if the record did not include live testimony. In re Marriage of Moody, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999). We review the decision of the superior court judge, rather than the commissioner. In re Marriage of Lyle, 199 Wn. App. 629, 633, 398 P.3d 1225 (2017).

We will not reverse a trial court's determination on a request for modification absent an abuse of discretion. In re Marriage of Spreen, 107 Wn. App. 341, 346, 28 P.3d 769 (2001). An abuse of discretion occurs only if the decision is manifestly unreasonable or based on untenable grounds. Hume v.

Hume, 74 Wn.2d 319, 321, 444 P.2d 804 (1968). We will not disturb the trial court's findings of fact so long as they are supported by substantial evidence. In re Marriage of Wilson, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). "Substantial evidence supports a factual determination if the record contains sufficient evidence to persuade a fair-minded, rational person of the truth of that determination." Spreen, 107 Wn. App. at 346.

Susan asserts that the trial court erred by denying her petition for modification for spousal maintenance. This is so, she asserts, because her inability to continue teaching and Erik's increase in income constituted a substantial change in circumstances. On the evidence presented, the trial court did not abuse its discretion.

B

RCW 26.09.170(1) provides that provisions of a decree of dissolution concerning spousal maintenance are modifiable "only upon a showing of a substantial change of circumstances." "The phrase 'change of circumstances' refers to the financial ability of the obligor to pay vis-a-vis the needs of the recipient." Fox v. Fox, 87 Wn. App. 782, 784, 942 P.2d 1084 (1997) (citing In re Marriage of Ochsner, 47 Wn. App. 520, 524, 736 P.2d 292 (1987)). Our courts have consistently held that a substantial change in circumstances is one that was not within the contemplation of the parties at the time the decree was entered. In re Marriage of Scanlon, 109 Wn. App. 167, 173, 34 P.3d 877 (2001). The burden to prove a substantial change in circumstances lies with the party requesting modification. Spreen, 107 Wn. App. at 346.

5

C

Here the trial court found that neither Susan's retirement nor Erik's increase in income constituted substantial changes in circumstances that were not within the contemplation of the parties at the time of the decree. These findings were supported by substantial evidence.

First, the trial court found that there was no evidence to support Susan's contention that, at the time of the decree, she expected to work until age 70 and that Erik would not recover from his alcoholism. Susan asserts that the trial court erred in believing that it was constrained to the findings in the separation agreement and decree when determining the expectations of the parties at the time the decree was entered. Although the trial court was not constrained to the four corners of the separation agreement when assessing the expectations of the parties, it is nevertheless so that the absence of such mention is informative. In the end, substantial evidence supports the trial court's finding that the increased differential between the parties' incomes was not outside the contemplation of the parties at the time the decree was entered. Specifically, Erik's response to Susan's petition for modification states that "there was no discussion about her plans to retire at age 70 during mediation or in discovery." Erik also submitted a declaration stating, "We intended precisely what we agreed to in writing, and what the court ordered, after protracted negotiation and advice by our independent attorneys." The trial court was entitled to credit that evidence.

As to Erik's recovery from alcoholism, the only evidence offered by Susan of the parties' expectations was her statement in her supplemental declaration

that "[i]t is my understanding from him that he has abstained from alcohol since that time. This was not anticipated when we separated, agreed to the Settlement Contract, or the Decree was entered." As this statement provided only the ultimate conclusion without any predicate facts to support it, the trial court was not required to take Susan's declared statement at face value. Haley v. Amazon.com Servs., LLC, No. 83010-4, slip op. at 28 (Wash Ct. App. Dec. 27, 2022), https://www.courts.wa.gov/opinions/pdf/830104.pdf. Furthermore, an increase in the obligor spouse's income does not, on its own, warrant a modification of spousal maintenance. See Gordon v. Gordon, 44 Wn.2d 222, 227-28, 266 P.2d 786 (1954) ("A former wife may not obtain additional alimony on the theory that such is in keeping with her former husband's present station in life."). Finally, evidence of only one spouse's unilateral belief does not establish that *neither* spouse contemplated the potential change as being possible.

Second, the trial court found that there was insufficient evidence presented in support of Susan's contention that she was unemployable in any capacity. Susan asserts that the trial court erred because she need only show that she is unemployable in her historic line of work, rather than in any capacity. However, the case she relies on, Turner v. Turner, 75 Wn.2d 33, 448 P.2d 941 (1968), does not support her contention. In Turner, the Supreme Court held that the trial court abused its discretion by instituting a one-year cap on maintenance when the evidence showed that the wife was unemployable. 75 Wn.2d at 35. The court did not hold that the former wife was only required to prove that she was unemployable in her historic occupation; rather, the evidence that the former

7

wife suffered from arthritis and had only a fourth grade education established that she was unable to earn a living wage in any capacity.[2] Turner, 75 Wn.2d at 35.

Substantial evidence supports the trial court's finding that Susan did not establish that she was unemployable due to a medical condition. The only evidence submitted by Susan was a one page note from her doctor, written two years after her retirement, stating that Susan could not perform heavy lifting. The letter gives no indication of whether Susan was capable of performing jobs that did not require heavy lifting, or whether she was capable of performing her teaching duties with reasonable accommodations in place. The letter is also equivocal, opining that some unspecified conditions have the potential for improvement while other unspecified conditions do not. It was not an abuse of discretion for the trial court to deem this evidence insufficient to establish a substantial change in circumstances.

Susan's reliance on the decision in Spreen does not compel a different outcome. In Spreen, the former wife, Marie, petitioned the court for an extension of maintenance, based on a decline in her mental health. 107 Wn. App. at 344. At the time the decree of dissolution was entered, the parties anticipated that Marie would be able to obtain employment within four years. Spreen, 107 Wn. App. at 346. However, this did not materialize. Marie presented declarations from three physicians all testifying that her severe mental health difficulties rendered her unable to hold employment. Spreen, 107 Wn. App. at 345. The trial court found that Marie had presented sufficient evidence of an unforeseen

---

[2] Furthermore, unlike the case at hand, the former wife was not the party requesting modification of maintenance. Turner, 75 Wn.2d at 34.

substantial change in circumstances warranting a modification of spousal maintenance. Spreen, 107 Wn. App. at 346. Division Two of our court held that this was not an abuse of discretion. Spreen, 107 Wn. App. at 346.

Contrary to Susan's assertion, neither Spreen nor any other case *require* the trial court to grant a request for modification on a showing of a change in circumstances. RCW 26.09.170(1) ("[T]he provisions of any decree respecting maintenance or support *may* be modified." (emphasis added)); see also Bartow v. Bartow, 170 Wash. 409, 411-12, 16 P.2d 614 (1932). Furthermore, whether there has been a substantial change in circumstances is a fact intensive inquiry and the outcome of any one case will not dictate the result in any other case, given the necessarily differing facts presented. Here, the facts as found by the trial court support its ruling that no substantial change in circumstances occurred.

III

Susan additionally asserts that the trial court erred by failing to consider all of the factors outlined in RCW 26.09.090. This argument lacks merit.

RCW 26.09.090 provides that in a proceeding for dissolution, the court may grant a maintenance order for such amounts and for such periods of time as the court deems just, after considering all of the relevant factors outlined in the statute. However, the trial court need not consider these factors in deciding whether or not to modify spousal maintenance—it only needs to consider these factors after it decides that a substantial change warrants modification. See Spreen, 107 Wn. App. at 347; Fox, 87 Wn. App. at 784.

9

Here, the trial court found no substantial change in circumstances warranting modification occurred. Therefore, it did not need to address the factors enumerated in RCW 26.09.090. The trial court applied the correct legal standard when it evaluated whether there was a substantial change in circumstances pursuant to RCW 26.09.170. There was no error.[3]

IV

Erik asserts that Susan's appeal is frivolous and warrants the imposition of sanctions under RAP 18.9(a). We disagree.

RAP 18.9(a) provides:

The appellate court on its own initiative or on motion of a party may order a party or counsel . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.

We have previously discussed application of this rule:

In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

Streater v. White, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980).

---

[3] Susan additionally argues that the trial court erred by not vacating the original order of maintenance pursuant to CR 60(b). Because Susan did not file a motion to vacate pursuant to CR 60(b), she was not entitled to relief under the rule. CR 60(e)(1).

Although we affirm the decision of the trial court, we cannot say that Susan's appeal was so totally devoid of merit as to be frivolous. Furthermore, evidence of Erik's prior struggles with alcoholism was relevant to the determination of whether there had been a substantial change in circumstances and thus was not introduced for an improper purpose. We accordingly deny Erik's request for an award of attorney fees.

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____     _____
Cheung, J.                          Mann, J.